**James HELMER, as Administrator of the Estate of Bruce Helmer, Plaintiffs–Appellants,**

**v.**

**Daniel G. MIDDAUGH, Individually and as Sheriff of Oneida County, New York, M. Peter Paravati, Individually and as Undersheriff of Oneida County, James Brown, Individually and as Chief of Civil Division of Oneida County Sheriff's Department, County of Oneida, Oneida County Sheriff's Department, Lynn Meus, Individually and in her official capacity, Mary Lou Berie, Individually and in her official capacity and Joseph Lisi, Lieutenant, Individually and in his official capacity, Defendants–Appellees.**

No. 04–2824.

United States Court of Appeals, Second Circuit.

Dec. 15, 2005.

A.J. Bosman, Utica, NY, for Appellants.

Bartle J. Gorman, Gorman, Waszkiewicz, Gorman & Schmitt, Utica, NY, for Defendants–Appellees, Daniel Middaugh, M. Peter Paravati, County of Oneida, and Oneida County Sheriff's Department.

David R. Diodati, Del Buono & Diodati, New Hartford, NY, for Defendant–Appellee James Brown.

Steven A. Smith, McLane, Smith and Lascurettes, L.L.P., Utica, NY, for Defendants–Appellees Lynn Meus and Mary Lou Berie.

David Walsh, Petrone & Petrone, P.C. (David A. Bagley), Utica, NY, for Defendant–Appellee Joseph Lisi, of counsel.

Present: Hon. Joseph M. McLAUGHLIN, Hon. Robert D. SACK, Circuit Judges, and Hon. John G. KOELTL, District Judge.[*]

### SUMMARY ORDER

UPON DUE CONSIDERATION it is hereby ORDERED, ADJUDGED AND DECREED that the orders and judgment of the district court be, and hereby are, AFFIRMED.

Plaintiff-appellant James Helmer ("Helmer"), as Administrator of the Estate of Bruce Helmer, appeals from an order, entered March 11, 2002, (1) dismissing the last cause of action in his amended com-

---

[*] Of the United States District Court for the Southern District of New York, sitting by designation.

plaint pursuant to Federal Rule of Civil Procedure 12(b)(6), and (2) denying a request for leave to file a second amended complaint. Helmer also appeals from a second order, entered April 7, 2004, granting summary judgment to all remaining defendants as to all remaining federal claims, and declining to exercise supplemental jurisdiction over Helmer's state-law claims.

Helmer first argues that the district court improperly looked outside of the pleadings in dismissing the last cause of action in the amended complaint. Review of the district court's opinion in its entirety does not seem to provide factual support to that argument. But in any event, the district court correctly concluded that Helmer had failed to state a cause of action upon which relief could be granted. Even if we assume, without deciding, that Helmer properly alleged a deprivation of a protected property interest in the body of Bruce Helmer on behalf of Bruce Helmer's children, the impracticability of providing preseizure hearings with respect to the performance of autopsies and the availability of a meaningful post-seizure state remedy with respect to the property interest, forecloses Helmer's claim. *See Hudson v. Palmer,* 468 U.S. 517, 533, 104 S.Ct. 3194, 82 L.Ed.2d 393 (1984); *Parratt v. Taylor,* 451 U.S. 527, 541, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327, 330–31, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). Nor did the asserted claim allege a cognizable violation of substantive due process. *See County of Sacramento v. Lewis,* 523 U.S. 833, 846, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1988); *Natale v. Town of Ridgefield,* 170 F.3d 258, 263 (2d Cir. 1999); *Cf. Arnaud v. Odom,* 870 F.2d 304, 310–11 (5th Cir.), *cert. denied,* 493 U.S. 855, 110 S.Ct. 159, 107 L.Ed.2d 117 (1989). The district court therefore did not abuse its discretion in concluding that the pro-posed further amendment of the amended complaint would be futile. *See Ellis v. Chao,* 336 F.3d 114, 127 (2d Cir.2003). Amendment would also have been futile for the related reason that, because the constitutional claims were not clearly established, defendant Lisi was entitled to qualified immunity. *See Harlow v. Fitzgerald,* 457 U.S. 800, 817–18, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).

Helmer argues that the district court improperly granted summary judgment to the defendants on his Title VII and 42 U.S.C. § 1983 discrimination claims. After a thorough review of the record, we conclude that summary judgment was proper because, as a matter of law, the conduct of which he complains does not constitute an adverse employment action. *See Sanders v. N.Y. City Human Res. Admin.,* 361 F.3d 749, 756 (2d Cir.2004); *Weeks v. N.Y. State Div. of Parole,* 273 F.3d 76, 86 (2d Cir.2001).

Helmer also contends that the district court improperly granted summary judgment on his retaliation claims. Helmer again failed, however, to produce admissible evidence of a retaliatory adverse employment action. *See Sanders,* 361 F.3d at 755; *Wanamaker v. Columbian Rope Co.,* 108 F.3d 462, 466–67 (2d Cir.1997); *Torres v. Pisano,* 116 F.3d 625, 640 (2d Cir.), *cert. denied,* 522 U.S. 997, 118 S.Ct. 563, 139 L.Ed.2d 404 (1997).

Helmer next argues that the district court improperly granted summary judgment on his claim of a violation of the right to procedural due process. Assuming that Bruce Helmer had a protected property interest in his applications for workers' compensation and disability benefits, *see Kapps v. Wing,* 404 F.3d 105, 115 (2d Cir.2005), the record shows that the only possible infringement of this interest was one of delay. Because Bruce Helmer

could have brought an Article 78 proceeding in state court to counter any unwarranted delay, his right to due process was not violated in his case. *See N.Y. State Nat'l Org. for Women v. Pataki,* 261 F.3d 156, 168 (2d Cir.2001).

We have carefully considered Helmer's remaining arguments and find them to be without merit.

For the reasons set forth, the orders and judgment of the district court are hereby AFFIRMED.